**UNITED STATES of America,**

v.

**Stanley SKEETERS a/k/a Stanley Turner**

**Stanley Skeeters, Appellant.**

**No. 06–3941.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) on Jan. 18, 2008.

Filed: April 15, 2008.

Salvatore L. Astolfi, Office of United States Attorney, Philadelphia, PA, for Appellee.

Jeanne K. Damirgian, Lake Ariel, PA, for Appellant.

Before: SCIRICA, Chief Judge, BARRY and ROTH, Circuit Judges.

## OPINION

ROTH, Circuit Judge:

Before us is a brief filed by counsel for Appellant Stanley Skeeters pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and a motion to withdraw as counsel. Because we agree that there are no non-frivolous issues in this appeal, we will affirm the conviction and sentence and grant counsel's motion.

## I. *Background and Procedural History*

In connection with the armed robberies of four small businesses in West Philadelphia in October and December 2004, Skeeters was charged with one count of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Count One); four counts of interference with interstate commerce by robbery, and aiding and abetting, in

violation of 18 U.S.C. §§ 1951 and 2 (Counts Two, Four, Six, and Eight); and four counts of possession of a firearm in furtherance of a violent offense, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Three, Five, Seven, and Nine). A jury found Skeeters guilty of all charges. The District Court sentenced Skeeters to concurrent terms of one month imprisonment on each of Counts One, Two, Four, Six, and Eight; a consecutive eighty-four month term of imprisonment on Count Three; and consecutive terms of 300 months imprisonment for each of Counts Five, Seven, and Nine, resulting in an aggregate prison term of 985 months. The District Court also imposed a five-year term of supervised release, $1,615 restitution, and a $900 special assessment.

Skeeters timely appealed and was appointed counsel. His appointed counsel filed an *Anders* brief (*see Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)) and a motion to withdraw on the grounds that there are no non-frivolous issues for appeal. In her twenty-four page brief, counsel identifies six issues that might arguably support Skeeters' appeal and discusses the relevant law: (1) denial of Skeeters' motion to suppress his statements; (2) denial of Skeeters' motion to suppress evidence seized pursuant to the search warrant; (3) fairness of the jury selection process; (4) conduct of the trial in a fair and impartial manner; (5) substantial evidence supporting the jury verdict; and (6) reasonableness of Skeeters' sentence.

This Court then invited Skeeters to provide a brief addressing any reasons why his conviction and sentence should be overturned. Skeeters submitted an informal brief in which he raised an additional argument, that the government failed to prove the requisite "interstate commerce" element in Counts One, Two, Four, Six, and Eight. We have jurisdiction over Skeeters' appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II. *Analysis*

Under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential issues for appeal, she should "advise the court and request permission to withdraw." *Id.* at 744, 87 S.Ct. 1396. Such a request must be accompanied by a brief that "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues" and "explain[s] why the issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir.2001). On review, "we confine our scrutiny to those portions of the record identified by an adequate *Anders* brief" and "those issues raised in [the] Appellant's *pro se* brief." *Id.* at 301. We will grant counsel's motion to withdraw if counsel has met its obligation to examine the record for any arguable claim, *see McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), and we agree "that the appeal lacks any basis in law or fact." *Id.* at 438 n. 10, 108 S.Ct. 1895.

"An appeal on a matter of law is frivolous where [none] of the legal points [are] arguable on their merits." *Youla*, 241 F.3d at 301 (internal quotations omitted). Our review of the record in this case confirms counsel's assessment that there are no non-frivolous issues for appeal. The denial of Skeeters' motions to suppress his statement and the evidence seized pursuant to the warrant were supported by the evidence. The record likewise does not support a claim that the jury selection process was not fair, or that the trial was conducted in other than a fair

and impartial manner. Furthermore, substantial evidence—including Skeeters' own admissions, as well as the testimony of his accomplice Angelika Jones and other witnesses—amply supports the jury's guilty verdict.

With respect to Skeeters' sentencing, the District Court was required to impose twenty-five year minimum sentences, to run consecutively, on three of the 18 U.S.C. § 924 counts. *See United States v. Walker,* 473 F.3d 71, 75 n. 1 (3d Cir.2007). The District Court only imposed a one-month sentence on the predicate conspiracy and robbery offenses, such that the aggregate sentence was actually below the advisory guideline range. The record indicates that the District Court considered the issues raised in the presentence investigation report and by the defense. We find that the sentence imposed is reasonable.

Skeeters raises an additional issue in his brief, arguing that the government failed to establish that he interfered with "interstate commerce" in committing the robberies. This argument is likewise frivolous. "[A]ny interference with or effect upon interstate commerce, whether slight, subtle, or even potential, ... is sufficient to uphold a prosecution under [18 U.S.C. § 1951].... [A] jury may infer that interstate commerce was affected to some minimal degree from a showing that the business assets were depleted." *United States v. Haywood,* 363 F.3d 200, 210 (3d Cir. 2004) (internal quotations omitted). The record includes testimony that each of the businesses robbed was involved in interstate commerce and that the assets of each business were depleted. Accordingly, the government established the requisite "interstate commerce" element for the 18 U.S.C. § 1951 convictions.

### III. *Conclusion*

Because there are no non-frivolous issues for appeal, we will **affirm** the conviction and sentence and grant counsel's motion to withdraw.